AUG 0 1 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

IN THE MATTER OF            )
                            )
THE EXTRADITION OF          )        Misc. No.  **14-1743SAG**
                            )
MIROSLAV HLŮŠEK             )

COMPLAINT
(18 U.S.C. §3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.  In this matter I act for and on behalf of the Government of the Czech Republic.

2.  There is an extradition treaty in force between the United States and the Czech Republic, specifically the Extradition Treaty between the United States of America and Czechoslovakia, signed July 2, 1925 (the "1925 Treaty"), the Supplementary Treaty, signed April 29, 1935 (the "1935 Supplementary Treaty"), and the Second Supplementary Treaty on Extradition between the United States of America and the Czech Republic, signed May 16, 2006 (the "2006 Second Supplementary Treaty").

3.  Pursuant to the treaty, the Government of the Czech Republic has submitted a formal request through diplomatic channels for the extradition of Miroslav Hlůšek (hereinafter, "Hlůšek"), a citizen of the Czech Republic, a copy of which is attached as Exhibit 1.

4.  According to information obtained by Interpol, Hlůšek is staying in the territory of the United States and was/has been detained on immigration violations. A check with HSI immigrations authorities confirms that "HLUSKE, Miroslav" with Alien Registration Number 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, appears to be a B1 visa overstay, has been released on a $50,000 bond, and is

reporting to the Baltimore Office with a next report date of January 15, 2015; he has been placed into deportation proceedings and his next court date is June 17, 2015. Per Interpol, Hlůšek entered the United States in June of 2000 with the stated intention of staying in the state of Georgia. The entry visa was issued to Hlůšek in Prague on May 25, 2000.

## STATEMENT OF FACTS

5. Miroslav Hlůšek was charged with and convicted of grievous bodily harm in violation of Section 224(1)(2) of the Criminal Code 1961 and Menace Due to Intoxication in violation of Section 201(d) of the Criminal Code 1961 committed within the jurisdiction of the Czech Republic. The trial was conducted by a single judge, Mgr. Jiri Rezek. Hlůšek was present for the trial and called witnesses to testify in his defense. At the conclusion of the trial, Hlůšek was convicted by the District Court in Uherské Hradiště. On September 30, 1999, Hlůšek was sentenced to thirty (30) months of imprisonment. A copy of the findings underlying the conviction and the sentence are attached as Exhibit 2. The offenses for which Hlůšek is sought are criminal offenses under the Czech Criminal Code 2009. His appeal from conviction was dismissed by the Regional Court in Brno on February 1, 2000, a copy of which is attached as Exhibit 3. On August 3, 2005, Judge Hana Rašková of the District Court in Uherské Hradiště issued an order to arrest Miroslav Hlůšek, a copy of which is attached as Government's Exhibit 4. This arrest warrant was later supplemented on October 24, 2012, a copy of which is attached as Government's Exhibit 5. Hlůšek was also convicted of Failure to Provide Help under Section 208 of the Criminal Code 1961. However that offense is not an extraditable offense covered by the Treaties.

6. Article II of the Second Supplementary Treaty on Extradition between the United States and the Czech Republic of May 16, 2006, provides that a crime or offense is an extraditable

offense if it is a felony. Article II further provides that where the request is for the enforcement of the sentence of the person convicted of an extraditable crime or offense, the remaining sentence to be served must be at least four months. Hlůšek was sentenced to a term of imprisonment of thirty (30) months.

7.  Hlůšek was convicted, and the warrant was issued, on the basis of the following facts, in sum and substance, said recitation not including all of the facts introduced at trial. On November 10, 1998, at approximately 1 p.m., Miroslav Hlůšek was driving a Peugeot 205, number plate UHH 67-28 on road No. 05013 in Uherské Hradiště. According to expert opinion, Hlusek was intoxicated at that time with an alcohol level of at least 1.20 grams of ethanol per kilogram in his blood. When going across the railway crossing by a hospital, Hlůšek did not pay proper attention to the road and failed to adjust his speed to the traffic situation. As a result of the alcohol he had consumed, Hlůšek struck pedestrians walking in the same direction, but on the right side of the road, with the front part of his car. The pedestrians were thrown onto the rails and under Hlůšek's car. As a result of the crash, Victim #1, Antonia Smelikova, suffered a compressed fracture of the fifth vertebra, a disjointment of her right arm bone and other injuries which caused a substantial limitation of her usual way of life for a period of three months. Victim #2, Jana Valerova, suffered fractured ribs, internal bleeding, a contusion of the right lung and other injuries which caused a substantial limitation of her way of life for a period of at least one month and directly threatened her life. After the traffic accident, Victim #2 was taken out from under Hlůšek's car by passers-by. Once the passers-by had Victim #2 removed from under Hlůšek's car, he drove away. Hlůšek failed to verify the health condition of the Victims, did not call the Police of the Czech Republic, and did not provide the necessary assistance to them.

8.  It was alleged and proved at trial that, due to his intoxication, Hlůšek was impaired and

engaged in driving, an activity which could endanger human life or health or cause a substantial damage to property. He caused, as a result of such negligent act, serious bodily harm to two persons who suffered serious injury. By breaching an important duty of care he caused grievous bodily harm.

9. On September 30, 1999 Hlůšek was convicted of the following offenses by Judge Jiri Rezek in the District Court of Uherské Hradiště:

(a) the crime of menace due to intoxication under Section 201(d) of the Criminal Code as amended by the Act No. 148/1998 Sb.;

(b) The crime of bodily harm under Section 224(1) of the Criminal Code as amended by the Act No. 148/1998 Sb; and

(c) The attempted offense of failure to provide assistance under Section 8(1) and Section 208 of the Criminal Code as amended by the Act No. 148/1998 Sb.

10. On September 30, 1999, Hlůšek was sentenced under Section 224(2) of the Criminal Code and Section 35(1) of the Criminal Code to a term of imprisonment of 30 (thirty) months to be served, under Section 39a(2b) of the Criminal Code in a prison under supervision.

11. Further, under Section 49(1) and Section 50(1) of the Criminal Code, Hlůšek is prohibited from driving all motor vehicles for a period of 5 (five) years.

12. In addition, under Section 228(1) of the Criminal Code, the Defendant is obliged to pay to the health insurance company Všeobecna zdravotni pojišt'ovna CR, the district branch at Frantiskanska 139, Uherské Hradiště, damages in the amount of CZK 89,318.

13. Execution of punishment has not become barred by the statute of limitations. Section 68 of the Czech Criminal Code provides that the period of time of the statutory bar shall exclude the time during which the punishment cannot be served due to the convicted person's presence

abroad.

14. It is believed that Miroslav Hlůšek may be found within the jurisdiction of this court at 6 Wellhaven Circle, Apt 1327, Owings Mills, Maryland. A photograph and confirmation of identification information is attached as Exhibit 6.

15. Elizabeth M. Kiingi, an attorney in the Office of the Legal Adviser of the United States Department of State, has provided the Department of Justice with a declaration authenticating a copy of the diplomatic note by which the request for extradition was made and a copy of the extradition treaties between the United States and the Czech Republic, a copy of which is attached as Exhibit 7. The declaration states that two of the three offenses for which extradition is demanded are covered by the treaty and confirms that the documents supporting the request for extradition bear the certificate or seal of the Ministry of Justice, or Ministry or Department responsible for foreign affairs, of the Czech Republic, in accordance with Article XI, Paragraph 5 of the 1925 Treaty, as supplemented by Article 8 of the 2006 Second Supplementary Treaty, so as to enable them to be received in evidence.

16. The declaration from the Department of State with its attachments, including a copy of the diplomatic note from the requesting state, a copy of the relevant extradition treaty, and the certified documents submitted in support of the request, (marked collectively as Government's Exhibits 1 through 7) are filed with this complaint and incorporated by reference herein.

17. The person named above would be likely to flee if he learned of the existence of a warrant for his arrest.

## MEMORANDUM OF LAW

"The function of the committing magistrate is to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence

is sufficient to justify a conviction." *Collins v. Loisel,* 259 U.S. 309, 316 (1922). Competent evidence is understood to mean probable cause. A prior conviction in the country seeking extradition is sufficient for a finding of probable cause. "When a prior conviction is at issue, a court's probable cause determination may be based solely on the existence of a judgment of conviction in the requesting country." *In re Extradition of Mejuto,* 2014 WL 2710948, at *2 (slip copy) (E.D. Pa. June 13, 2014); *See, e.g., Sidali v. I.N.S* 107 F.3d 196 (3d. Cir. 1997); *United States v. Spatola,* 925 F.2d 615, 618 (2d Cir. 1991). In this case, the judgment of conviction by the District Court in Uherské Hradiště, Czech Republic along with the written opinion by the Court of Appeal dismissing Hlůšek's appeal, are sufficient to support a probable cause determination. *See Haxhiaj v. Hackman,* 528 F.3d 282, 287 (2008). A conviction that has not been reversed ordinarily precludes a finding of lack of probable cause for the extradition proceeding. *See Mosley v. Wilson,* 102 F.3d 85, 90-91 (3d. Cir. 1996) (Holding that foreign convictions do not constitute probable cause in the United States would require United States judicial officers to substitute their judgment for that of foreign judges and juries which is inconsistent with principles of international comity and the rule of non-inquiry). The non-inquiry doctrine "bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters." *Khouzam v. Att'y Gen. of U.S.,* 549 F.3d 235, 253 (3d Cir.2008); *see also Munaf v. Geren,* 553 U.S. 674, 700 (2008).

## CONCLUSION

WHEREFORE, the undersigned requests that a warrant for the arrest of Miroslav Hlůšek be issued in accordance with the Extradition Treaty between the United States and the Czech Republic, and Title 18, United States Code, Section 3184, so that the fugitive may be arrested

and brought before this court, to the end that the evidence of criminality may be heard and considered and that this complaint and the warrant be placed under the seal of the court until such time as the warrant is executed.

_____
Judson T. Mihok
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 1st day of August SAG, 2014, at Baltimore, MD.

_____
Stephanie A. Gallagher
United States Magistrate Judge